NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 9 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THEODORE CABANISS, Guardian ad Litem to Minor Child T.C.,

Plaintiff-Appellant,

v.

PFIZER, INC.,

Defendant-Appellee.

No.  23-55297

D.C. No. 3:22-cv-01242-WQH-AHG

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted February 9, 2024**

Before:  BENNETT, BADE, and COLLINS, Circuit Judges.

Theodore Cabaniss, guardian ad litem to minor child T.C., appeals from the

district court's order granting Pfizer, Inc.'s motion to dismiss.  *T.C. v. Pfizer, Inc.*,

No. 22-cv-01242-WQH-AHG, 2022 WL 17578871 (S.D. Cal. Nov. 9, 2022).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cabaniss does not challenge the district court's conclusion that the Public Readiness and Emergency Preparedness Act (the "PREP Act") immunized Pfizer from the claim asserted in the complaint.[1]  *See id.* at \*2; *see also* 42 U.S.C. § 247d-6d(a)(1).  On appeal, he fails to make any distinct arguments concerning the merits of this determination.  Cabaniss has never disputed that the PREP Act applies.  For example, he has never disputed that Pfizer is a "[c]overed person" under the PREP Act, 42 U.S.C. § 247d-6d(i)(2), that the Pfizer COVID-19 vaccine allegedly administered to T.C. is a "[c]overed countermeasure" under the PREP Act, *id.* at § 247d-6d(i)(1), or that the administration of Pfizer's COVID-19 vaccine to T.C. "played some role in bringing about or contributing to [T.C.'s injury]." *Hampton v. California*, 83 F.4th 754, 763–64 (9th Cir. 2023); *see* 42 U.S.C. § 247d-6d(a)(1).

---

[1] The district court granted Pfizer's motion to dismiss because it found that the PREP Act conferred immunity on Pfizer.  *T.C.*, 2022 WL 17578871, at \*1–2. While we agree with the district court that Pfizer enjoys PREP Act immunity, we disagree that it lacked subject matter jurisdiction.  Title 42 U.S.C. § 247d-6d(d)(1) states: "Subject to subsection (f), the sole exception to the immunity from suit and liability of covered persons set forth in subsection (a) shall be for an exclusive Federal cause of action against a covered person for death or serious physical injury proximately caused by willful misconduct, as defined pursuant to subsection (c), by such covered person."  Section 247d-6d(e)(1) also provides that "[a]ny action under subsection (d) shall be filed and maintained only in the United States District Court for the District of Columbia."  But Cabaniss did not bring a claim under § 247d-6d(d)—he brought a medical malpractice claim and did not dispute Pfizer's assertion that he "d[id] not assert a willful misconduct claim."  As we have held, "the PREP Act is not a complete preemption statute" and thus does not "displace the non-willful misconduct claims" brought under state law.  *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 688 (9th Cir. 2022).

Cabaniss's failure to dispute the district court's determination on these issues results in a forfeiture of any related arguments. *See United States v. Turchin*, 21 F.4th 1192, 1198–99 (9th Cir. 2022).

On appeal, Cabaniss presents several arguments that were not adequately presented to the district court. He argues that the PREP Act violates the Fourteenth Amendment and asserts that Pfizer is "guilty [under] criminal law, consumer protection law and tort law," and "that Pfizer is also guilty of reckless homicide because [it] did not educate the public o[n] the dangers of the vaccine." Cabaniss forfeited these arguments by failing adequately to present them to the district court. *See Dream Palace v. County of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004); *see also AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1213–15 (9th Cir. 2020) (explaining that "[a]bsent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal" and that "[a] party's unexplained failure to raise an argument that was indisputably available below is perhaps the least 'exceptional' circumstance" (citations omitted)).

Furthermore, in addition to failing to present any arguments based on the Fourteenth Amendment in the district court, Cabaniss forfeited this argument on appeal by failing to sufficiently develop it. *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (stating that issues not supported by argument in a pro se brief are abandoned).

**AFFIRMED.**